UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BBP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-10 (CEJ) |
| | ) |
| BRASSELER U.S.A. DENTAL, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This purported class action is before the Court on plaintiff's consent motion to transfer venue to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404.

Plaintiff alleges that defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending "junk faxes." A similar class action against defendants is presently pending in the Northern District of Illinois. James L. Orrington, II, DDS, PC v. Brasseler USA Dental, LLC, et al., No. 1:17-CV-956-EEB. Plaintiff seeks transfer of this action so that it may be consolidated with the Orrington matter. Plaintiff informs the Court that defendants consent to the requested transfer.

The change of venue statute states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a) (emphasis added); see also 15 Charles Alan Wright et al., Federal Practice & Procedure § 3845 (4th ed.) (consent provision "permits transfer

even to a district that is not a proper venue and that does not have personal jurisdiction over the defendant."

In ruling on a consent motion to transfer, the court must consider the statutory factors: the convenience of the parties and witnesses and the interest of justice. Id. (consent of the parties "merely expands the range of possible transferee courts if a court determines that transfer is appropriate for the convenience of parties and witnesses and in the interest of justice."). A court considering a transfer motion is not limited to the enumerated factors but must consider "the particular circumstances at hand" and "all relevant factors." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). In this instance, transfer will permit the consolidation of two separate purported class actions against the defendants for the same conduct, thereby promoting judicial efficiency, reducing litigation costs, and eliminating unnecessary duplication of efforts. The Court finds that transfer is appropriate for the convenience of parties and witnesses and in the interest of justice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's consent motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois [Doc. # 32] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2017.